In the Matter of the Claim of MANUEL R. ALEIXO, Appellant.
LOUIS L. LEVINE, as Industrial Commissioner, Respondent.

Third Department, September 26, 1974.

*Manuel R. Alexio,* appellant *pro se.*

*Louis J. Lefkowitz, Attorney-General (Edward Moss, Samuel A. Hirshowitz* and *Murray Sylvester* of counsel), for respondent.

HERLIHY, P. J.   This is an appeal by the claimant from a decision of the Unemployment Insurance Appeal Board, filed November 8, 1973, which reversed an initial decision of a Referee in favor of claimant and reinstated the initial determination of the respondent disqualifying claimant from receiving benefits because he voluntarily left his employment without good cause by provoking his discharge.

It is not disputed that the claimant, a postal clerk, was required by the Federal agency to successfully pass certain examinations in order to retain his employment.   On two occasions he failed an examination known as "The Distribution Scheme Test".   On March 12, 1973 he was formally advised that he would be given a third opportunity to pass the examination on the scheduled date of April 13, 1973 and that if he failed such test he would thereupon be discharged from employment.   The claimant testified that he was well aware of the fact that he could not pass the subject examination and that his fellow employees were aware of such fact.   He attempted to avoid the examination by requesting a transfer to another section of the agency, but before the date of April 13, 1973 he was aware that his transfer would not be forthcoming.   On the date of the

test the claimant did not report for examination believing the same to be futile and that whether or not he reported he would be discharged. The Federal agency reported to the respondent's local office that the claimant had been discharged because of inefficiency in the failure of the examination and noted that the claimant had failed to report for the examination given on April 13, 1973.

The claimant contends that the board has erred in finding that he provoked his discharge by failing to take the examination and thus voluntarily resigned since the taking of the examination, under the circumstances, would have been an exercise in futility as he would have failed the same and been discharged anyway.

Whether or not the claimant would have passed the examination and thus remained eligible for his employment is immaterial as the record does support the finding of the board that by refusing to take the examination the claimant was in fact voluntarily resigning at that time. There was nothing unreasonable about the request that he take the examination, and while the distinction between what would appear to the claimant to be a surrender to his inevitable discharge because he would fail the examination whereupon he would be qualified for benefits and his voluntary resignation is tenuous, his choice was clearly voluntary. Upon the present record, the question of good cause for the voluntary resignation was for the board and it has found the claimant's reason for not taking the examination did not constitute good cause. (See *Matter of James [Levine]*, 34 N Y 2d 491.)

The decision should be affirmed, without costs.

COOKE, KANE, MAIN and REYNOLDS, JJ., concur.

Decision affirmed, without costs.